# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| BAGLEY EQUIPMENT LEASING INC., ) ) **Plaintiff,** ) ) ) v. ) ) ) CUSTOM TRUCK ONE SOURCE ) FORESTRY EQUIPMENT, LLC, ) f/k/a UTILITY ONE SOURCE ) FORESTRY EQUIPMENT, LLC, and ) DAIMLER TRUCKS NORTH ) AMERICA, LLC, ) ) **Defendants.** ) | **CIVIL ACTION FILE** **CASE NO. 4:20-CV-00003-SDG** |

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff, BAGLEY EQUIPMENT LEASING, INC., by and through its undersigned counsel, hereby responds to the Defendants' Joint Motion for a More Definite Statement and states as follows:

Pursuant to Fed. R. Civ. P. 8, [a] pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

>    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A breach of contract claim does not need to be pled with particularity. *See Allstate Ins. Co. v. Sinton*, 2013 WL 11879702 at *2 (N.D. Ga. 2013). Therefore, a breach of contract claim only needs to comply with Rule 8. *Omniplex World Services Corp. v. Alpha Protection Services, Inc.*, 2010 WL 3824067 at *3 (M.D. Ga. 2010). "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 342 Ga. App. 780, 784 (2017). If there are any remaining inquiries which defendants may have concerning the specific terms of the sued upon contract, those are properly resolved through the discovery process. *Manicini Enterprises, Inc. v. American Exp. Co.*, 236 F.R.D. 695, 698 (S.D. Fla. 2006). A claim for breach of warranty is subject to the same pleading requirements as a breach of contract. *See* Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9.

Further, a plaintiff's incorporation of facts into several different counts, does not make the plaintiff's pleading fail to comply with the Federal Rules. *See S.E.C. v. Levin*, 2013 WL 594736, *9 (S.D. Fla. 2013) (although shotgun pleadings are impermissible, pleadings that merely incorporate same set of factual circumstances into each count are sufficient to state claim). In fact, Fed. R. Civ. P. 10(c) "was designed 'to facilitate[ ] the clear presentation of the matters set forth,' so that

allegations might easily be referenced in subsequent pleadings." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005).

Plaintiff's complaint meets the minimal pleadings requirements of Rule 8 of the Federal Rules of Civil Procedure. The Plaintiff does not plead any claims that require particularity or specificity as required by the Federal Rules, as breach of contract claims and breach of warranty claims are subject only to the requirements of Rule 8. *See* Fed. R. Civ. P. 8 and 9; *see also Allstate Ins. Co.*, 2013 WL 11879702 at *2.

Further, the Plaintiff's complaint is not the type of "shotgun pleading" condemned by the Eleventh Circuit. The Complaint has four total counts: (1) breach of contract against Custom One, (2) breach of the implied warranty of merchantability against Custom One, (3) breach of warranty against Daimler and (3) attorney's fees pursuant to O.C.G.A. § 13-6-11. There is only one count in the complaint, the count attorney's fees, that the Plaintiff incorporates all the allegations of the complaint. The reason for doing so is to demonstrate, taking wholly the Defendants' actions subject to this action, in the Plaintiff's view that the Defendants have exhibited bad faith and have been stubbornly litigious, causing the Plaintiff unnecessary trouble and expense. With respect to every other count of the complaint, the Plaintiff only incorporated the general factual allegations, each of which would be relevant to the Plaintiff's other three counts. Under the Federal Rules, the Plaintiff

is permitted to reference factual allegations already plead in the interest for judicial efficiency. *See Phillips*, 408 F.3d at 128. Furthermore, the Plaintiff's election to incorporate facts already stated in the complaint into separate counts does not automatically subject the Plaintiff to repleading. *See S.E.C. v. Levin*, 2013 WL 594736 at *9.

## CONCLUSION

In conclusion, the Plaintiff's complaint meets the minimum pleading requirements of Fed. R. Civ. P. 8 because the Plaintiff's claims for relief each detail all of the rule's requirements. Further, any incorporation of facts previously alleged in the complaint into later counts is permissible under the Federal Rules. As such the Defendants' Joint Motion for a More Definite Statement should be DENIED.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.B**

Counsel for the Plaintiff hereby certifies that this pleading was prepared in Times New Roman, 14 Point, in compliance with Local Rule 5.1.B.

Respectfully submitted this 24th day of January, 2020.

                                  COX, BYINGTON,
                                  TWYMAN & JOHNSON, LLP

                                  By: */s/ Christopher P. Twyman*
                                  CHRISTOPHER P. TWYMAN
                                  Georgia Bar No.  720660

711 Broad Street                          CALEB H. RATLIFF
Rome, Georgia 30161                 Georgia Bar No. 516835
(706) 291-2002 Office
(706) 291-6242 Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on this date, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **Plaintiff's Response to Defendants' Joint Motion for a More Definite Statement** by filing same into the CM/ECF system for the Northern District of Georgia, as follows:

| | |
|---|---|
| David Rusnak<br>Roberto Bazzani<br>DREW, ECKL & FARNHAM, LLP<br>303 Peachtree Street, N.E., Suite 3500<br>Atlanta, GA 30308<br>drusnak@deflaw.com<br>rbazzani@deflaw.com | Martin A. Levinson<br>Elliott C. Ream<br>HAWKINS PARNELL &<br>YOUNG, LLP<br>303 Peachtree Street, N.E.,<br>Suite 4000<br>Atlanta, GA 30308-3243<br>(404) 614-7400<br>(404) 614-7500 (fax)<br>mlevinson@hpylaw.com<br>eream@hpylaw.com |

This <u>24th</u> day of January, 2020.

*/s/ Christopher P. Twyman*
Christopher P. Twyman